12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2013

(Argued: February 5, 2014    Decided: February 25, 2015)

Docket No. 12-4341-cv

------------------------------------------------------------X

MARCEL FASHIONS GROUP, INC.,

*Plaintiff-Appellant*,

v.

LUCKY BRAND DUNGAREES, INC., LIZ CLAIBORNE, INC., LUCKY BRAND
DUNGAREES STORES, INC.,

*Defendant-Appellees*.[*]

------------------------------------------------------------X

Before: LEVAL, CALABRESI, and LYNCH, *Circuit Judges*:

    Plaintiff appeals from a grant of summary judgment by the United States District Court for the Southern District of New York (Swain, *J.*), dismissing claims of trademark infringement, false designation of origin and unfair competition under the doctrine of *res judicata*. Plaintiff appeals also from the district court's denial of Plaintiff's motions for leave to file an amended complaint and to hold the Defendants in contempt. The Court of Appeals (Leval, *J.*) concludes that the district court erred in granting summary judgment, as well as in denying Plaintiff's motion for leave to file an amended complaint, as *res judicata* does not bar these claims. The

---

[*] The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page2 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

denial of contempt sanctions is affirmed. Accordingly, the judgment is AFFIRMED IN PART and VACATED IN PART.

MATTHEW A. PEK, Law Offices of Matthew A. Pek, Esq., New York, NY, *for Plaintiff-Appellant*.

LESLIE GORDON FAGEN, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, (Darren W. Johnson, *on the brief*), *for Defendant-Appellees*.

LEVAL, *Circuit Judge*:

Plaintiff Marcel Fashions Group, Inc. ("Marcel" or "Plaintiff") appeals from the judgment of the United States District Court for the Southern District of New York (Swain, *J.*) in favor of Defendants Lucky Brand Dungarees, Inc., Liz Claiborne, Inc., and Lucky Brand Dungarees Stores, Inc. (collectively, "Lucky Brand" or "Defendants"). Marcel's suit sought damages and injunctive relief based on claims of trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. §§ 1114, 1116, and 1125, as well as common law trademark infringement and unfair competition under Fla. Stat. § 495.151. The court granted Lucky Brand's motion for summary judgment and denied leave to replead on the ground that the action was barred by *res judicata*.

We conclude that a prior judgment in Plaintiff's favor awarding damages and an injunction did not bar Plaintiff from instituting a second suit seeking relief for alleged further infringements that occurred subsequent to the earlier judgment. We therefore vacate the grant of summary judgment and the denial of leave to amend the complaint. The district court also denied Marcel's motion to hold Defendants in contempt for violation of an injunction in the prior litigation. We affirm this ruling as Marcel did not show that Defendants' conduct violated the terms of the injunction.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page3 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

**BACKGROUND**

**I. Parties**

Marcel, a Florida corporation, received a federal trademark registration in 1986 for "Get Lucky."[1] Marcel has since sold jeans under that mark. In 1990, Defendant Lucky Brand Dungarees, Inc., a Delaware corporation, began selling jeans and other casual apparel under the mark "Lucky Brand" and other marks that include the word "Lucky." It has sold this merchandise in major department stores and, as of January 2012, had more than 180 retail stores in the United States, with sales of nearly $400 million in 2011. It owns registered trademarks, including "Lucky Brand" and "Lucky Brand Dungarees." Defendant Liz Claiborne, also a Delaware corporation, is the parent corporation of Lucky Brand Dungarees, Inc.

**II. Prior Litigation**

**A. 2001 Action and Settlement**

In September 2001, Marcel filed suit alleging unfair competition and trademark infringement against the Lucky Brand Defendants and others (the "2001 Action"). In May 2003, the parties settled the 2001 Action pursuant to a Release and Settlement Agreement, which provided that the Lucky Brand Defendants "shall desist henceforth from use of 'Get Lucky' as a trademark," while acknowledging the Defendants' "rights to use, license and/or register the trademark LUCKY BRAND and/or any other trademarks . . . registered and/or used by Lucky Brand . . . ." Joint App'x ("JA") at 207-08.

---

[1] Although twice cancelled and reinstated, the registration appears to have been in force in the relevant periods of this litigation.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page4 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

**B. 2005 Action**

In 2004, Ally Apparel Resources LLC and/or Key Apparel Resources, Ltd. (collectively, "Ally") launched a "Get Lucky" line of jeanswear and sportswear based on a license it received from Marcel. On July 27, 2005, Lucky Brand filed an action (the "2005 Action") in the Southern District of New York (Swain, *J.*) against Ally, Marcel, and Ezra Mizrachi (the president of Marcel) (collectively the "2005 Marcel Parties"), alleging that they had engaged in unfair business practices and that the "Get Lucky" line infringed on Lucky Brand's trademarks.

The 2005 Marcel Parties counterclaimed against Lucky Brand's use of the "Get Lucky" mark, asserting infringement and breach of the 2003 Settlement Agreement, and seeking to enjoin Lucky Brand from using the "Get Lucky" trademark or any other similar trademark. Notwithstanding Marcel's acknowledgment of Lucky Brand's right to use the "Lucky Brand" marks in the parties' settlement of the 2001 Action, Marcel's counterclaims sought to enjoin Lucky Brand's use of "Lucky Brand" or "Lucky," as confusingly similar to "Get Lucky." *See* JA at 283.

On April 22, 2009, as a sanction for misconduct in discovery, the district court enjoined Lucky Brand from using Marcel's "Get Lucky" trademark (the "2009 Injunction"). In anticipation of a jury trial to resolve the remaining claims and counterclaims, the parties filed a Second Amended Joint Pre-Trial Statement, which identified the remaining issues to be resolved at trial. Marcel identified as a remaining issue, "[w]hether Marcel is entitled to an injunction against Lucky Brand enjoining Lucky Brand from selling merchandise using GET LUCKY, LUCKY, LUCKY BRAND or any other mark incorporating Lucky." JA at 296.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page5 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

At the conclusion of trial, the jury answered in the affirmative to Question 8 of the Verdict Form, which asked whether Lucky Brand "infringed Marcel Fashion's 'Get Lucky' mark by using 'Get Lucky,' the 'Lucky Brand' marks and any other marks including the word 'Lucky' after May 2003." JA at 355. For this infringement, the jury awarded the 2005 Marcel Parties compensatory and punitive damages.

Following the verdict, the parties negotiated and jointly drafted a Final Order and Judgment at the request of the district court. On May 13, 2010, Marcel's counsel sent an email to Lucky Brand's counsel attaching a draft, which proposed inclusion of a paragraph stating, "Lucky Brand Dungarees, Inc. and Liz Claiborne, Inc. . . . are permanently enjoined from further use of GET LUCKY, the LUCKY BRAND trademarks and any other trademarks using the word 'Lucky.'" JA at 366. Lucky Brand refused to agree to the inclusion of this paragraph in the judgment. Marcel's counsel removed the paragraph and resubmitted the proposed order, without that paragraph. On May 28, 2010, the district court adopted the proposed judgment (the "2010 Final Order and Judgment"). The Final Order and Judgment includes the substance of the 2009 Injunction, prohibiting Lucky Brand from using the "Get Lucky" mark, as well as the language of Question 8 of the Verdict Form, stating that the "Lucky Brand Parties infringed Marcel Fashion's GET LUCKY trademark . . . by using GET LUCKY, the LUCKY BRAND trademarks, and any other trademarks including the word 'Lucky' after May 2003." JA at 26-27.

**III. The Instant [2011] Action**

On April 29, 2011, Marcel initiated the instant action by filing a complaint in the United States District Court for the Southern District of Florida seeking damages and injunctive relief prohibiting Lucky Brand from using the "Lucky Brand" trademarks (the "Instant Action"). The

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page6 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

complaint alleges, *inter alia*, that Lucky Brand infringed Marcel's "Get Lucky" trademark "by using the Lucky Brand marks in the identical manner and form and on the same goods for which they were found liable for infringement [in the 2005 Action]." JA at 15. The complaint asserts causes of action for federal trademark infringement and false designation of origin, federal unfair competition law, and state common law trademark infringement. Lucky Brand moved to transfer the action to the Southern District of New York, where the 2005 Action was heard. The motion was granted, and the action was thereafter heard in the Southern District of New York before the judge who had heard the 2005 Action.

Lucky Brand moved for summary judgment. Among its asserted grounds were that: (1) Marcel's claims were precluded by the judgment in the 2005 Action; and (2) Marcel waived its right to seek injunctive relief against Defendants' use of "Lucky Brand" and damages for such use by failing to seek such relief in the 2005 Action.

On September 25, 2012, the district court granted Lucky Brand's motion for summary judgment, holding that Marcel's claims in the instant action were precluded by *res judicata* because they were essentially the same claims as the 2005 Action, for which the court had made a final disposition. *See Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc.*, No. 11 Civ. 5523(LTS), 2012 WL 4450992, at *4-6 (S.D.N.Y. Sept. 25, 2012). The district court reasoned that Marcel could have, and indeed did, seek injunctive relief directed against use of the "Lucky Brand" marks in the 2005 Action, but then abandoned any such demand. Furthermore, Marcel had been awarded damages for use of the marks "after May 2003," which led the court to conclude that Marcel had already been compensated for any future infringing use of its marks.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page7 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

*Id.* at *5. The district court also denied Marcel's motion for leave to file an amended complaint as futile in light of the court's determination that the suit was barred by *res judicata*. *Id.* at *7.

On January 24, 2012, Marcel had moved to hold Lucky Brand in contempt for violating the injunction issued in the 2005 Action by continuing to use the "Lucky Brand" marks. The district court denied Marcel's motion on the ground that the injunction enjoined Lucky Brand "from using only reproductions, counterfeits and imitations of the GET LUCKY mark, and d[id] not prohibit use of the other Lucky Brand marks or the word Lucky." *Id.*

## DISCUSSION

On appeal, Marcel contends that the district court erred: (1) in awarding summary judgment to Lucky Brand; (ii) in denying Marcel's motion for leave to file an amended complaint; and (iii) in denying Marcel's motion to hold the Defendants in contempt for violating the terms of the injunction in the 2005 Action.

### I. Summary Judgment[2]

The district court granted summary judgment in favor of the Defendants, ruling that the suit was precluded by *res judicata*. Marcel contends this was error. We agree. Winning a judgment based on the defendant's violation of the plaintiff's rights does not deprive the plaintiff of the right to sue the same defendant again for the defendant's further subsequent similar violations. Our court's persuasively reasoned recent opinion in *TechnoMarine SA v. Giftports,*

---

[2] We review a district court's grant of summary judgment *de novo*, "viewing the record in the light most favorable to the non-moving party." *Dillon v. Morano*, 497 F.3d 247, 251 (2d Cir. 2007). "Summary judgment may be granted only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). A district court's application of *res judicata* is also subject to *de novo* review. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page8 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

*Inc.* rejected the very arguments on which the district court relied. 758 F.3d 493, 500, 502 (2d Cir. 2014).

The term *res judicata*, which means essentially that the matter in controversy has already been adjudicated,[3] encompasses two significantly different doctrines: claim preclusion and issue preclusion. *See Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). Under *claim preclusion*, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotation mark omitted). The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not. *See St. Pierre v. Dyer*, 208 F.3d 394, 399 (2d Cir. 2000). The doctrine of *issue preclusion*, in contrast, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor,* 553 U.S. at 892. (internal quotation marks omitted). The district court's ruling that Marcel's suit was barred by *res judicata* in view of the 2005 Action was based on claim preclusion—not issue preclusion.

Preclusion of a claim under this doctrine requires a showing that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the [same adverse parties] or those in privity with them; and (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *TechnoMarine*, 758 F.3d at 499 (alteration omitted). There is no doubt that the first two elements are present here. The 2005 Action was between the same two parties as the instant suit, and that case was adjudicated on the merits. The

---

[3] *See* Black's Law Dictionary (10th ed. 2014) (translating res judicata as "a thing adjudicated").

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page9 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

parties contest only the third element, which asks whether the claims asserted by Marcel in the current action "were, or could have been, raised in the prior action." *Id*. Our ruling in *TechnoMarine* conclusively answers that question in the negative.

In *TechnoMarine*, our court confronted similar factual circumstances and rejected the arguments Lucky Brand raises in the instant case. TechnoMarine, a designer, manufacturer and distributor of watches had previously sued Giftports (the defendant in the new action), alleging infringement of TechnoMarine's trademarks. *Id.* at 497. The prior suit had resulted in a settlement, which we noted was deemed an adjudication for purposes of the claim preclusion doctrine. *Id.* at 499 n.4. Subsequently, TechnoMarine brought the action that was the subject of the appeal, alleging that Giftports had committed new, "additional instances of the same type of [infringing] conduct alleged in the [prior] litigation." *Id.* at 498. The district court had dismissed the new complaint, ruling that the new claims were precluded by the earlier suit. *Id.* We explained that this was error. Claim preclusion does not bar a claim arising subsequent to a prior action "even if the new claim is premised on facts representing a continuance of the same course of conduct." *Id.* at 499 (internal quotation marks omitted). The prior judgment "cannot be given the effect of extinguishing claims which did not even then exist and which could not possibly have been sued upon in the previous case." *Id.* (quoting *Lawlor v. Nat'l Screen Serv. Corp,* 349 U.S. 322, 327-28 (1955)). We made clear it would be anomalous and unacceptable if "[t]he earlier judgment against the defendant—determining that it violated plaintiff's trademark rights from 2010 to 2012—would in effect immunize the defendant against all suits concerning

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page10 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

[subsequent] infringements of the same trademark," leaving the defendant free, by virtue of having once been found liable for infringement, to infringe thereafter in perpetuity. *Id.* at 503.[4]

Lucky Brand primarily argues in defense of the district court's ruling that Marcel's claims are barred on two grounds: (1) Marcel was already compensated for the subsequent infringements alleged in this complaint because the jury in the 2005 Action awarded Marcel damages for infringements "after May 2003" (the date of the settlement of the 2001 Action), and Marcel did not reserve the right "to seek further damages for prospective [trademark infringement]," *Marcel*, 2012 WL 4450992, at *5; and (2) Marcel's claims are barred because in the 2005 Action it abandoned its claim for an injunction explicitly barring Lucky Brand from using the "Lucky Brand" marks.

As for the first argument, because Marcel in the 2005 Action sought (and won) damages for Lucky Brand's infringements that occurred "after May 2003" but prior to Marcel's complaint, it makes no sense to construe the jury verdict (and the court's judgment) as awarding damages for infringements that had not yet occurred and might never occur. Marcel could not lawfully have been awarded such damages; it had shown no entitlement to such damages, having made no showing that Lucky Brand would infringe its "Get Lucky" mark in the future. The purpose of specifying infringements "after May 2003" was to make clear that Marcel was neither

---

[4] Our ruling in *TechnoMarine* made clear that the crucial date for distinguishing between additional infringements that were barred by the prior suit and those that were not barred is the date of the prior effective complaint—not the date of the prior judgment. *See id.* at 504-05. While a plaintiff may seek to amend a complaint during the course of a litigation to encompass new infringements that occurred since the filing of the original complaint, the plaintiff is not compelled to do so on pain of forfeiting the ability to sue subsequently for the post-complaint infringements.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page11 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

seeking nor entitled to damages for infringements that occurred prior to the date of the settlement of the 2001 Action, as the settlement agreement specified that it extinguished claims for any infringements that occurred prior to its date.[5] It would make no conceivable sense to construe the lump-sum judgment in Marcel's favor for Lucky Brand's prior infringements of Marcel's "Get Lucky" mark as effective authorization to Lucky Brand to infringe "Get Lucky" at will and without compensation forever into the future.[6] And, as for the fact that Marcel did not reserve the right to seek further damages for prospective trademark infringements, *TechnoMarine* made clear there was no need for Marcel to do so, as a suit claiming damages for prior infringements does not bar a subsequent suit for damages for subsequent infringements. *See TechnoMarine*, 758 F.3d at 503-04.

As for the second reason cited by the district court, and relied upon by Lucky Brand—that Marcel in the 2005 Action did not pursue its demand for an injunction explicitly prohibiting use of the "Lucky Brand" marks—*TechnoMarine* convincingly rejected the illogical proposition that a winning plaintiff's failure to seek or obtain an injunction immunizes the losing defendant from liability for future infringements.[7] We pointed out that courts "may deny requests

---

[5] In pertinent part, the settlement agreement provided that "Marcel . . . discharges [Lucky Brand] from any and all actions, . . . or other liability or relief of any nature whatsoever . . . that Marcel ever had, now has or hereafter can, shall or may have, by reason of or arising out of any matter, cause or event occurring on or prior to the date hereof, including, but not limited to: (a) any and all claims or defenses of any nature arising out of or in any way relating to Marcel's rights in the trademark GET LUCKY; . . . ." JA at 207-08.

[6] The lump-sum judgment was not a recognition of Marcel's entitlement to royalty compensation for Lucky Brand's future use of its mark.

[7] Lucky Brand's citation of dicta in our decision in *Jim Beam Brands Co. v. Beamish & Crawford Ltd.*, 937 F.2d 729 (2d Cir. 1991), is unpersuasive. Apart from the fact that the

11

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page12 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

for injunctive relief . . . for various reasons unrelated to the validity of the plaintiff's claim" for damages, *id.* at 504; for example, an injunction may be denied "when remedies available at law, such as monetary damages, are adequate to compensate for the injury. . . . [or] when there is little evidence of likelihood of future violations," *id*. A plaintiff's entitlement to an injunction is more clearly established where the defendant has persisted in the infringing conduct in spite of a prior damages award. The plaintiff may plausibly deem it both strategically and economically preferable to advance only claims it is confident of winning.[8]

For all the reasons explained in *TechnoMarine*, we conclude that the district court erred in ruling that Marcel's present suit is precluded by its having previously sued Lucky Brand for

---

sentence Lucky Brand relies on comments on what the judgment would be if the facts were otherwise, Lucky Brand reads far more into it than the words can reasonably bear. The point of the ruling in the plaintiff's favor was that, because "an injunction against trademark infringement was not available" to the plaintiff in its prior suit before the Trademark Trial and Appeal Board seeking cancellation of the defendant's registration, "obviously res judicata would not apply" to preclude the plaintiff's subsequent suit to enjoin the defendant from infringement. *Id.* at 736. The court's addition that "if such relief was available in those proceedings, that availability would preclude the present pursuit of such a claim," *id.,* depended on the relationship between the two particular claims, and cannot be reasonably read to have established a categorical rule that a trademark owner's suit for damages for one infringement, without simultaneously seeking an injunction, will forever bar the trademark owner from seeking an injunction based on further future infringements, much less from suing for damages based on the future infringements. A plaintiff's failure to seek an injunction in a first suit for infringement is not tantamount to an authorization to the defendant to use the plaintiff's mark at will in the future. *See TechnoMarine*, 758 F.3d at 504.

[8] It is by no means clear that a plaintiff, whose interests would be better served by receiving damages for the defendant's future infringements than by obtaining an injunction that the defendant would obey, is compelled to seek a remedy that is not to its advantage, on pain of losing entitlement to protect its rights from future violations.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page13 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

earlier infringements of its "Get Lucky" mark in the 2005 Action. We therefore vacate the grant of summary judgment in favor of Lucky Brand and remand for further proceedings.

**II. Leave to Amend**

Marcel also appeals from the district court's denial of its motion for leave to file an amended complaint. Rule 15(a) requires that a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend may properly be denied if the amendment would be futile." *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (internal quotation marks and alteration omitted). The district court denied leave to amend on the sole ground that amendment would be futile because the suit was barred by *res judicata*. As we have explained above, that ruling was erroneous. We accordingly vacate the ruling and remand for the district court to reconsider.[9]

**III. Motion for Contempt**

Finally, Marcel contends we should overturn the district court's denial of its motion to hold Lucky Brand in contempt for violating the injunction issued in the 2005 Action by its subsequent use of the "Lucky Brand" marks. We review a district court's denial of a motion for contempt for abuse of discretion. *Dunn v. N.Y. State Dep't of Labor*, 47 F.3d 485, 490 (2d Cir. 1995). To establish contempt for failure to obey a court order, the movant must show that "(1) the order the [alleged] contemnor failed to comply with is clear and unambiguous, (2) the proof

---

[9] In *TechnoMarine*, we affirmed the district court's denial of leave to amend, notwithstanding that the district court's denial was for the invalid reason that the action was precluded. We so ruled, in part, because the plaintiff had not advised the court of the nature of the amendments it proposed. *See TechnoMarine*, 758 F.3d at 506. That ruling has no bearing on this case, as Marcel did advise the court of how it proposed to amend its complaint.

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page14 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

of noncompliance is clear and convincing, and (3) the [alleged] contemnor has not diligently attempted to comply in a reasonable manner." *Perez v. Danbury Hosp.*, 347 F.3d 419, 423-24 (2d Cir. 2003).

Marcel's claim fails at the first step. The injunction issued in the 2005 Action did not clearly forbid Lucky Brand from using the "Lucky Brand" marks. Indeed, on its face, the injunction said nothing about Lucky Brand's use of the "Lucky Brand" marks. It enjoined Lucky Brand only from using Marcel's "Get Lucky" mark, or colorable imitations thereof. The district court said that "if the April 22, 2009, Injunction had been meant to cover all the Lucky Brand marks, it would have specifically identified those other marks." *Marcel*, 2012 WL 4450992, at *5. We find no error, much less abuse of discretion, in the district court's denial of the contempt motion. Marcel's attempt to construe the injunction, which explicitly prohibited Lucky Brand from using "Get Lucky," as also prohibiting Lucky Brand from using the "Lucky Brand" marks, fails.

Although acknowledging, as it must, that the 2009 Injunction included no language prohibiting Lucky Brand from using the "Lucky Brand" marks, Marcel argues that the injunction, when construed in light of the jury verdict and the Final Order and Judgment of the 2005 Action, should be construed as prohibiting Lucky Brand from further use of the "Lucky Brand" marks. Its argument depends on the formulation of a question on the Verdict Form submitted to the jury in the 2005 Action, which the court later replicated in formulating its Final Order and Judgment. Question 8 of the Verdict Form asked the jury whether Marcel had proved its claim that Lucky Brand infringed Marcel's "Get Lucky" mark. Because Marcel was contending not only that Lucky Brand improperly employed "Get Lucky," but that its use of

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page15 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

"Lucky Brand" and of any other marks containing the word "Lucky" also constituted infringement of "Get Lucky," Question 8 asked the jury:

> Ha[s Marcel] proven . . . that [Lucky Brand] infringed Marcel Fashion's "Get Lucky" mark by using "Get Lucky," the "Lucky Brand" marks and any other marks including the word "Lucky" after May 2003?

JA at 355.

The jury placed an *X* on the line labeled "Yes" (and in response to subsequent questions on the form, specified the damages to be awarded against Lucky Brand by reason of its infringement of Marcel's "Get Lucky" mark). In formulating its Final Order and Judgment awarding damages against Lucky Brand for infringement of Marcel's "Get Lucky" mark, the court copied its formulation of Question 8 from the Verdict Form. *See* JA at 26-27.

On this basis, Marcel argues that the verdict and judgment in the 2005 Action must be taken as establishing that Lucky Brand's use of the "Lucky Brand" marks constituted an infringement of the "Get Lucky" mark, so that the injunction prohibiting Lucky Brand from infringing the "Get Lucky" mark must be taken as an order prohibiting the use of the "Lucky Brand" marks. The contention is perhaps clever, but not persuasive.

Question 8 was the only place on the Verdict Form for the jury to signify a finding that Lucky Brand had infringed the "Get Lucky" mark. Regardless of whether the jury found that the "Get Lucky" mark was infringed by virtue of Lucky Brand's use of "Get Lucky," or by its use of the "Lucky Brand" marks or other marks containing the word "Lucky" as colorable imitations of "Get Lucky," or all three, the only way offered by the Verdict Form for the jury to record the verdict in Marcel's favor was by checking "Yes" in answer to Question 8. Notwithstanding that the question was worded in the conjunctive (*and*) rather than the disjunctive (*or*) with respect to

Case 12-4341, Document 121-1, 02/25/2015, 1445757, Page16 of 17

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

the various ways in which Lucky Brand might have infringed the "Get Lucky" mark, the jury's finding did not necessarily mean that Lucky Brand's infringement of Marcel's "Get Lucky" mark had been manifested not only by using "Get Lucky," but also by using the "Lucky Brand" marks and other marks including the word "Lucky." The jury was of course free to find infringement of Marcel's "Get Lucky" mark based solely on Lucky Brand's use of "Get Lucky." Interpreting the jury's answer to Question 8 as necessarily meaning that the jury found that Lucky Brand's use of the "Lucky Brand" marks constituted infringement of "Get Lucky" would be sheer speculation. The district judge in the present case is the same judge that presided over the 2005 action. The fact that the judge who issued the injunction construed the injunction as not prohibiting Lucky Brand from using the "Lucky Brand" marks strongly supports the proposition that, notwithstanding the ambiguity that resulted from the use of the conjunctive, rather than the disjunctive, in Question 8 (which was then copied into the judgment), the jury's verdict and the court's Final Order and Judgment did not require construing the injunction as forbidding Lucky Brand's use of the "Lucky Brand" marks.

In short, while it is conceivable that the jury's answer to Question 8 in the 2005 Action represented a finding that Lucky Brand's use of the "Lucky Brand" marks constituted an infringement of Marcel's "Get Lucky" mark, and that the court's wording of the Final Order and Judgment in that action constituted a judgment to that same effect, we cannot say it was an abuse of discretion for the district court to deny Marcel's motion to hold Lucky Brand in contempt for its use of the "Lucky Brand" marks.

12-4341-cv
Marcel Fashions Group, Inc. v. Lucky Brand Dungarees, Inc., et al.

## CONCLUSION[10]

For the foregoing reasons, the district court's grant of summary judgment for Lucky Brand and denial of Marcel's motion for leave to file an amended complaint are hereby VACATED and the case is REMANDED for further proceedings consistent with this opinion.

The denial of Marcel's motion for contempt is hereby AFFIRMED.

---

[10] We have considered the parties' remaining arguments, and find them to be without merit.